*November,* 1820.

## Moreland *against* Ruffin.—Appeal.

1. The Court will permit amendment of Sheriff's return after demurrer, &c.

2. On Dec. in asumpsit, on promissory note, with the common money counts, &c. judgment should not be rendered without the intervention of a Jury or entry of *nol. pros.* on the common counts.

THE writ of capias is issued against *Elisha Moreland* and *John Avent,* and by mistake of the Sheriff, was returned as executed on both, when in fact it had been executed on *Moreland* only. *Ruffin* declared against *Moreland* only, in assumpsit on a promissory note, with a count for money lent, money had and received, &c. *Moreland* demurred, assigning, among other causes of demurrer, that the writ appeared by the Sheriff's return to have been executed on *Avent* also, &c. On motion of the plaintiff, the Sheriff (after joinder in demurrer) was permitted to amend his return according to the facts; at the same term the demurrer was overruled, and final judgment rendered for the amount which appeared to be due on the note. *Moreland* appealed to this Court. The points involved in the assignments of Error are shewn in the opinion of the Court by the Chief Justice.

By the common Law, Ministerial acts were amendable at any time; but Judicial acts not after the term.(a) The Sheriff's return is a Ministerial act, and we have no doubt but that the Court below did right in permitting the amendment.

(a) 1 *Stra.* 39, 136. 1 *Saund.* 250.

As to the final judgment without the intervention of a Jury, the counsel for the appellee has endeavoured to avail himself of our Statute of 1812,(b) which provides, "that in "all actions founded on any writing ascertaining the plain-"tiff's demand or sum sued for, if judgment by de-"fault or on demurrer be entered thereon, the Court where "the same action shall be pending, shall, and may lawfully

(b) *Laws Alaba.* 465, *Sect.* 3.

NOVEMBER, 1820.

Moreland
v
Ruffin.

" enter judgment for the debt or demand, with interest there-
" on to be calculated by the Clerk, &c. without the inter-
" vention of a Jury to enquire of damages," &c. Can this
Statute be construed to embrace any other than actions
exclusively founded on a writing ascertaining the demand
or sum sued for? It does not include actions for money
had and received, goods sold, &c. or other unliquidated de-
mands; yet counts for these may rightly be joined with a
count in assumpsit on a promissory note, and a recovery
had on testimony wholly unconnected with the note. It
would seem, that in this act the Legislature have only
adopted the principle observed in the English Courts under
the common Law. There it has long been the practice
in actions on Bills of Exchange and promissory notes, to
refer it to the master to compute the principal and interest
due.(c) But if the declaration contain other counts on un-
liquidated demands, the plaintiff before reference to the
master enters a *nol. pros.* on all but the count on the bill or
note, and thus limits his cause of action to the writing
ascertaining his demand.

(c) 1 *Sellon's Pra.* 346, 7. 4 *Term,* 271.

The Statute referred to cannot, we conceive, on fair prin-
ciples of construction, be extended beyond its express pro-
visions. In this case a *nol. pros.* does not appear to
have been entered as to any of the counts. The judgment
appears to have been rendered on both, and it must for this
reason be reversed, and the cause remanded.

*H. G. Perry*, for appellant.

*John Taylor*, for appellee.